# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 <br> ) Case No. 17-13169-MSH |
| TIMOTHY S. MAXTON, | ) |
| Debtor | ) |

## MEMORANDUM OF DECISION ON U.S. TRUSTEE'S MOTION TO DISMISS

Timothy S. Maxton initiated this case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code[1] on August 25, 2017. On October 31, 2017, the United States trustee filed a motion to dismiss Mr. Maxton's case for abuse under Code §§ 707(b)(1), (2)(A) and (b)(3)(B). The U.S. trustee's motion, which Mr. Maxton opposes, asserts a number of grounds to support a finding of abuse. The parties have agreed to bifurcate consideration of the motion to allow for an initial determination of the validity of Mr. Maxton's calculation of current monthly income ("CMI"). Mr. Maxton conceded that a ruling in favor of the trustee on this issue would be dispositive of the issue of whether a presumption of abuse arises under Code § 707(b)(2)(A). The U.S. trustee claims that in the statement of current monthly income filed in support of his bankruptcy petition (Official Form 122A-1), Mr. Maxton improperly failed to include in the calculation of his CMI four items listed on one of his paystubs.[2]

At a hearing on the motion, the U.S. trustee argued that Mr. Maxton should have included the following items listed on his paystub in the calculation of his CMI: (1) a meal allowance of

---

[1] All references to the Bankruptcy Code or Code refer to title 11 of the United States Code, 11 U.S.C. 101 *et seq*.

[2] The paystub was for the pay period of June 25 to July 1, 2017. The parties stipulated as to the authenticity and admissibility into evidence of this paystub.

1

$6,888; (2) a travel allowance of $19.50; (3) an "attendance lump sum payout" of $1,500; and (4) a corporate profit share of $642. Mr. Maxton argued that these items were properly excluded from the calculation of his CMI because they did not constitute "gross wages, salary, tips, bonuses, overtime, and commissions (before all payroll deductions)," which is all that line 2 of the statement of current monthly income requires.

Subsequent to the hearing, the parties filed a joint pre-trial memorandum, which included statements of agreed facts and legal principles, as well as areas of disagreement and their respective arguments. All facts necessary for a ruling on the paystub dispute have been agreed to by the parties. The U.S. trustee argues that the four items should have been included in the CMI calculation because Code § 101(10A)(A) requires their inclusion, and as between a statute and a form, the statute controls. In support of his position, the U.S. trustee relies on *In re Reinhart*, 559 B.R. 217 (Bankr. E.D. Wis. 2016). Mr. Maxton on the other hand urges that excluding the four items was proper because they are not "sufficiently stable and regular" within the meaning of Code § 101(30). In addition, Mr. Maxton argues that neither the Bankruptcy Code nor Form 122A-1 requires that the items be included in calculating CMI.[3]

In evaluating the parties' arguments, I begin as I must with the relevant statute. The term "current monthly income" is defined in § 101(10A) of the Code. Subpart A of § 101(10A) states, in pertinent part, that current monthly income means "the average monthly income from all sources that the debtor receives . . . without regard to whether such income is taxable income, derived during the 6-month period ending on . . . the last day of the calendar month immediately

---

[3] Mr. Maxton mentions in paragraph 52 of the joint pre-trial memorandum that overtime should also not be included as income in the CMI calculation. As Mr. Maxton did in fact include his overtime pay in his CMI calculation, I assume he has waived this argument.

preceding the date of the commencement of the case . . . ." 11 U.S.C. § 101(10A)(A). Subpart B adds that it also "includes any amount paid by any entity other than the debtor . . . on a regular basis for the household expenses of the debtor or the debtor's dependents . . . but excludes benefits received under the Social Security Act, payments to victims of war crimes or crimes against humanity . . . and payments to victims of international terrorism . . . or domestic terrorism . . . ." 11 U.S.C. § 101(10A)(B).[4]

The statute speaks of "income from all sources." 11 U.S.C. § 101(10A)(A). "[W]here . . . the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *U.S. v. Ron Pair Enterprises*, 489 U.S. 235 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917) (additional citations omitted)). "[T]he language of § 101(10A), including in current monthly income 'income received from all sources,' is plain," and "the term 'all' *means* 'all.'" *In re Sjogren*, 570 B.R. 1, 3 (Bankr. D. Mass. 2017) (emphasis in original) (citing *In re Terzo*, 502 B.R. 553, 558 (Bankr. N.D. Ill. 2013)).

Mr. Maxton's reliance on the Code's definition of an individual with regular income in § 101(30) to impose a "stable and regular" gloss on the definition of CMI in § 101(10A) is unsupportable. Code § 101(30) defines an "individual with regular income" as an individual "whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 . . . ." Putting aside the fact that this is a chapter 7 case and § 101(30) applies only in chapter 13, whether Mr. Maxton is an "individual with regular income"

---

[4] Subpart B of § 101(10A) is commonly understood to refer to situations where a debtor's spouse, domestic partner or roommate pays household expenses that benefit the debtor. *See, e.g.*, *In re Baker*, 580 B.R. 662 (Bankr. E.D. Va., 2017); *In re Montalto*, 537 B.R. 147 (Bankr. E.D.N.Y. 2015); *In re Toxvard*, 485 B.R. 423 (Bankr. D. Colo. 2013); *In re Trimarchi*, 421 B.R. 914 (Bankr. N.D. Ill. 2010); *In re Epperson*, 409 B.R. 503 (Bankr. D. Ariz. 2009). The items paid by Mr. Maxton's employer do not appear to be for household expenses nor has Mr. Maxton claimed that they are.

has no relevance in determining the amount of his "current monthly income" for purposes of Code § 707(b)(2)(A).

As for Mr. Maxton's contention that the paystub items did not need to be included in the CMI calculation because Official Form 122A does not itemize them on line 2, such argument lacks merit. It is axiomatic that when an official form and the Bankruptcy Code are in conflict, the Bankruptcy Code controls. *See, e.g.*, *In re Harkins*, 491 B.R. 518, 543 (Bankr. S.D. Ohio 2013) (citing *Harman v. Fink (In re Harman)*, 435 B.R. 596, 599 (B.A.P. 8th Cir. 2010) and *In re Arnold*, 376 B.R. 652, 653 (Bankr. M.D. Tenn. 2007)). As such, Mr. Maxton cannot exclude the four items from his CMI calculation on the basis that the Official Form does not require their inclusion.[5]

While there is no controlling decisional authority in the First Circuit on point, case law from other circuits supports the U.S. trustee's position that the items in question should be included in CMI. With respect to meal and travel allowances, the *Reinhart* court held that both should be included in calculating a debtor's CMI. 559 B.R. at 220 ("Resting on the plain

---

[5] Courts are in disagreement with respect to the question of whether only a portion of the amount in a paystub should be included in the CMI calculation if the payment is on account of work performed over a period of time longer than the 6 months referenced in the CMI definition. *Compare In re Meade*, 420 B.R. 291, 305 (Bankr. W.D. Va. 2009) (finding that "Congress intended for there to be some connection between the compensation received and the period of time in which the applicable services for such compensation were rendered," and thus a debtor who received an annual bonus in the six-month period immediately preceding his petition date for work he performed over the entire year—not just a six-month period—was entitled to include only half his annual bonus as income) *with In re Cruz*, No. 08-23419, 2008 WL 3346583, at *2 (Bankr. E.D. Wis. Aug. 11, 2008) (finding that current monthly income "comes from dividing 'income from all sources' during the 6 months prior to the petition date by six; not by first spreading a bonus over twelve months" and that "[w]hether income is included in CMI is determined by when the debtor *receives* funds, not when they are earned"). As Mr. Maxton has not claimed that he should be permitted to prorate any of the four items in his CMI calculation, however, I need not stray into this particular thicket.

language and lack of relevant exclusion in section 101(10A)(A), the court is persuaded that employer-paid reimbursements are income that must be included in the CMI calculation.").[6] *See also In re Tinsley*, 428 B.R. 689, 692 (Bankr. W.D. Va. 2010) (citing *In re Martin*, 189 B.R. 619 (Bankr. E.D. Va. 1995) and *In re Hornung*, 425 B.R. 242 (Bankr. M.D.N.C. 2010) in finding that "reimbursements are income for purposes of § 101(10A)(A)"). Though there is no case that specifically addresses whether the "attendance lump sum payout" or corporate profit share should be included in CMI, I find that that the plain language of § 101(10A)(A) is sufficiently broad to require their inclusion in Mr. Maxton's CMI calculation. *See Reinhart*, 559 B.R. at 220 (citing *Blausey v. United States Trustee*, 552 F.3d 1124, 1132 (9th Cir. 2009) for the proposition that "unless a source of income is specifically excluded from the CMI calculation, Congress meant for it to be included").

Given the language of § 101(10A) and the fact that Mr. Maxton has not presented any persuasive authority as to why the four items should not be included in his CMI calculation in their full amounts, the U.S trustee's motion to dismiss with respect to the paystub issue is meritorious. At the hearing on the U.S. trustee's motion, Mr. Maxton conceded that a presumption of abuse would arise under Code § 707(b)(2)(A) if he were required to include the four items in his CMI calculation. It is not clear, however, whether Mr. Maxton wishes to attempt to rebut that presumption.[7] I will, therefore, defer allowing the U.S. trustee's motion for fourteen days to afford Mr. Maxton time to seek further relief consistent with my ruling. Absent

---

[6] For the purpose of this opinion, the terms "allowance" and "reimbursement" are used interchangeably.

[7] The U.S. trustee's motion to dismiss was also based upon the contention that, pursuant to Code § 707(b)(3)(B), the totality of the debtor's financial situation demonstrated abuse. Unless Mr. Maxton is able to rebut the presumption of abuse under § 707(b)(2), however, I need not rule on the § 707(b)(3)(B) issue.

any further action on the part of Mr. Maxton before then, an order allowing the U.S. trustee's motion and dismissing this case shall issue.

Dated at Boston, Massachusetts this 16th day of May, 2018.

By the Court,

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:   Gary W. Cruickshank, Esq.
The Law Offices of Gary W. Cruickshank
Boston, Massachusetts
  for the debtor, Timothy S. Maxton

Eric K. Bradford, Esq.
United States Department of Justice
Boston, Massachusetts
  for William K. Harrington, United States Trustee

6